UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| REID PARR, *ET AL.*, § § *Plaintiffs*, § § VS. § § BITPAY, *ET AL.*, § § *Defendants*. § § § § | CIVIL ACTION NO. 4:25-CV-00850 JUDGE AMOS L. MAZZANT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs' Motion for Preliminary Injunction (the "Motion"). On August 27, 2025, the Court granted Plaintiffs' request for a 14-day TRO freezing cryptocurrency exchange accounts that Plaintiff alleges received assets that were stolen from Plaintiff by the defendants in this matter. Dkt. 6. Plaintiffs now seek to extend this account freeze through trial.

The Court has reviewed Plaintiffs' Motion and evidentiary materials. For the reasons set out below, Plaintiffs' Motion is hereby **GRANTED**.

**I.   Background**

Plaintiffs' relevant allegations are as follows. The Defendants initiated contact with Plaintiffs at various times between May 2025 and June 2025 using WhatsApp and word-of-mouth from other investors to entice them to invest in the BitPay cryptocurrency staking platform. Complaint, ¶ 16. Between May 2025 and June 9, 2025, Defendants patiently gained access to

- 2 -

Plaintiffs' crypto wallets, paying out small fake profits to entice Plaintiffs to continue to add funds to their compromised crypto wallets. Complaint, ¶ 17.

On June 9, 2025, Defendants programmatically emptied Plaintiffs' wallets in the period between 4:26 AM and 5:15 AM UTC. Complaint, ¶ 18. Defendants withdrew hundreds of thousands of dollars' worth of assets from Plaintiffs' crypto wallets in a series of unauthorized transfers to a cluster of wallets controlled by Defendants. Those assets were "hopped" to the Tron blockchain, before being transferred to several cryptocurrency exchanges. Complaint, ¶ 18.

After retaining counsel, Plaintiffs' blockchain investigator performed a "blockchain tracing" investigation. This "tracing" refers to the process of following digital assets from location to location on the blockchain via publicly available data. Ex. 1, Cole Affidavit, ¶¶ 14 – 15. Plaintiffs' investigator was able to trace their allegedly stolen assets to cryptocurrency-exchange accounts that ultimately received the assets Plaintiffs allege were stolen from them (together the "Target Accounts").  The Target Accounts are as follows:

| *Target Account* | *Destination Exchange* |
|---|---|
| TVmjtVYSLEZU5TLgYQpKwqsJyJe3himdza | Binance |
| TKU9CiVVMM1MAqzbf9e3b6RheDneoaCDHY | OKX |
| TNRFemLi5CGccMffZz594bh1hR7TFVu7fL | Binance |

| | |
|---|---|
| TQbQ2M5whiNAjuA9Xxv8jBdZjHT7xqo2kc | Binance |
| TNgnTuDwxuEKPk4fjSYCBSuU96NXoyZfPd | Binance |
| TPR9DD3iPj5hWow9FxuyPFnnh9AKkXMZoR | OKX |
| TNaxq8MPxiZRokmcpq6M445sc37Dn6wN65 | Binance |
| TKWVK8hmf6pd3MLwT1q8pBeRG67GrXrnC5 | OKX |
| TD9Xsb9L43NStQ5EAx37AfoD8S6yDZJoWp | OKX |
| TAFpHLK7vyzcRtXiq3XL6Jod2Ek4mcUtog | OKX |
| TAysk5TZcvW216qiJUPR92nnbsTfoSfusW | Binance |
| TLaGjwhvA8XQYSxFAcAXy7Dvuue9eGYitv | OKX |
| THzHQN9MYQJHT7HEnUnrsA7h3QTbVsUpH1 | Binance |
| TYoBp6UwPbnHKDYir5FV8hPeKzKiUsdStg | Binance |
| TGj8Be7yWKS1W34MWANG2Vzv6tFfX8csNi | Binance |
| TFSqLpTUa8s6iLGEu44kMkdrQ1ftorVycw | OKX |

In the instant Motion, Plaintiffs ask the Court to order that these cryptocurrency-exchange accounts be frozen through trial, so that they might preserve some assets for recovery.

**II.    Analysis**

Plaintiffs have met the requirements for issuance of a Preliminary Injunction for the following reasons. First, Plaintiffs have shown that the Defendants had notice of their Motion and this hearing as required under Federal Rule of Civil Procedure 65(a)(1). The Cole Affidavit describes the methods used to provide notice to the Defendants here. Cole Affidavit, ¶ 24.

Next, Plaintiffs have met the substantive requisites for issuance of a preliminary injunction. To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the injunction does not issue, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction is in the public interest. *Moore v. Brown*, 868 F.3d 398, 402-03 (5th Cir. 2017). Each of these requisites is addressed in turn below.

Plaintiffs make claims against the Defendants for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), fraud, and conversion. They have alleged and provided evidence that the Defendants deceived them and misappropriated their assets in what appears to have been an intentional scam. Compl., ¶¶ 22 – 33; Cole Affidavit, ¶¶ 6 – 13. The Court finds, at this stage, that the similarities between Plaintiffs' allegations and

the widely known characteristics of this distinctive kind of scam suggest that they will indeed be able to prevail on these claims once a full evidentiary record is developed.

In addition, as in the previous order granting the extant TRO, the Court notes that asset freeze Plaintiffs seek in this instance is permissible in light of their request for a constructive trust over specific, traceable stolen assets, as several courts have held in analogous cryptocurrency-fraud cases. *See, e.g.*, *Yogaratnam v. Dubois*, No. CV 24-393, 2024 WL 758387, at *3 (E.D. La. Feb. 23, 2024) (issuing asset-freeze TRO in crypto-fraud case, noting that "numerous district courts … have issued a TRO in this exact circumstance to freeze a cryptocurrency asset," and collecting cases); *Jacobo*, 2022 WL 2052637, at *3 (issuing asset-freezing TRO where plaintiff sought constructive trust over allegedly stolen assets); *Gaponyuk*, 2023 WL 4670043, at *2 (same). Plaintiffs' claim that their assets can be traced to their present locations is supported by the blockchain analysis submitted in support of her Motion. Cole Affidavit, ¶¶ 16 – 20.

Plaintiffs have also shown that irreparable harm will ensue absent the restraining order they seek. The assets at issue could be further transferred to unretrievable locations at any time, with the click of a button. Cole Affidavit, ¶¶ 22 – 23. Several federal courts have found that this exigency

justified issuance of freezing orders in similar crypto-fraud cases, and this Court finds their reasoning persuasive here.[1]

Next, the Court finds that the threatened injury to Plaintiffs outweighs any harm the Defendants may suffer by virtue of a freeze of their accounts. The Defendants will suffer at worst a temporary inability to move assets if the injunction is later dissolved. *See, e.g.*, *Licht v. Ling*, No. 3:23-CV-1018, 2023 WL 4504585, at *3 (N.D. Tex. June 20, 2023) (balancing factor weighed in plaintiff's favor because alleged crypto-thieves faced only "inconvenience" of asset-freeze, which could be undone); *Jacobo*, 2022 WL 2052637, at *6 (same, finding "[a] delay in defendant's ability to transfer the [allegedly stolen] assets only minimally prejudices defendant, whereas withholding injunctive relief would severely prejudice plaintiff by providing defendant time to transfer the allegedly purloined assets into other accounts beyond the reach of this court"). In contrast, maintaining the assets at the destination accounts is perhaps Plaintiffs' only realistic chance at recovery in this case.

---

[1] *See, e.g.*, *Ohlin v. Defendant 1*, No. 3:23-C-8856-TKW-HTC, 2023 WL 3676797, at *3 (N.D. Fla. May 26, 2023) ("Considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze the Destination Addresses to maintain the status quo to avoid dissipation of the money illegally taken from Plaintiffs."); *Jacobo v. Doe*, No. 1:22-CV-00672DADBAKBAM, 2022 WL 2052637, at *3 (E.D. Cal. June 7, 2022) ("Because it would be a simple matter for [defendant] to transfer [the] cryptocurrency to unidentified recipients outside the traditional banking system and effectively place the assets at issue in this matter beyond the reach of the court, the court finds that plaintiff is likely to suffer immediate and irreparable harm in the absence of injunctive relief.") (cleaned up); *Astrove v. Doe,* No. 1:22-CV-80614-RAR, 2022 WL 2805315, at *3 (S.D. Fla. Apr. 22, 2022) (same).

Finally, the Court finds that issuing the injunction is in the public interest. In fact, in this case, the public interest weighs particularly heavily in favor of the requested injunction. As other courts have noted, issuing the relief requested will "provide[] assurance to the public that courts will take action to promote … recovery of stolen assets when they can be readily located and traced to specific locations." *Jacobo*, 2022 WL 2052637, at *6.

### III. Preliminary Injunction

Plaintiffs have submitted evidence tracing the assets they allege were stolen from them to the Target Accounts, which are the accounts identified by the following markers:

| *Target Account* | *Destination Exchange* |
|---|---|
| TVmjtVYSLEZU5TLgYQpKwqsJyJe3himdza | Binance |
| TKU9CiVVMM1MAqzbf9e3b6RheDneoaCDHY | OKX |
| TNRFemLi5CGccMffZz594bh1hR7TFVu7fL | Binance |
| TQbQ2M5whiNAjuA9Xxv8jBdZjHT7xqo2kc | Binance |
| TNgnTuDwxuEKPk4fjSYCBSuU96NXoyZfPd | Binance |
| TPR9DD3iPj5hWow9FxuyPFnnh9AKkXMZoR | OKX |
| TNaxq8MPxiZRokmcpq6M445sc37Dn6wN65 | Binance |

| | |
|---|---|
| TKWVK8hmf6pd3MLwT1q8pBeRG67GrXrnC5 | OKX |
| TD9Xsb9L43NStQ5EAx37AfoD8S6yDZJoWp | OKX |
| TAFpHLK7vyzcRtXiq3XL6Jod2Ek4mcUtog | OKX |
| TAysk5TZcvW216qiJUPR92nnbsTfoSfusW | Binance |
| TLaGjwhvA8XQYSxFAcAXy7Dvuue9eGYitv | OKX |
| THzHQN9MYQJHT7HEnUnrsA7h3QTbVsUpH1 | Binance |
| TYoBp6UwPbnHKDYir5FV8hPeKzKiUsdStg | Binance |
| TGj8Be7yWKS1W34MWANG2Vzv6tFfX8csNi | Binance |
| TFSqLpTUa8s6iLGEu44kMkdrQ1ftorVycw | OKX |

For the reasons set out in the Motion, the Court finds that the Target Accounts should be frozen. Accordingly, the Court hereby **ORDERS** that Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of the persons

controlling the accounts associated with the above-listed Target Accounts, or any business entity through which they act or which acts in active concert or participation with them; including but not limited to those assets currently held at or for the Target Accounts.

The Court **ORDERS** that Plaintiffs shall cause a copy of this Order to be served on the above-listed entities in a manner compliant with Rule 4 or as the Court may further direct. Upon receiving a copy of this Order, these entities shall be restrained and enjoined from disturbing assets, directly or indirectly, to or on behalf of Defendants or any entities under Defendants' control. Additionally, the Court **ORDERS** that all movement, alteration, or destruction of books, records, and accounts related to the above-listed blockchain addresses is prohibited. The Court declines to impose a bond.

The preliminary injunction set out in this Order shall continue until trial or further order of the Court.

Dated:  September 8, 2025                    Prepared By:

                                                                          THE HODA LAW FIRM, PLLC

_/s/ M. Hoda_
_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
o. (832) 848-0036

*Attorney for Plaintiff*