UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Reid Parr, Dylan Bost, Bradley Long, Daniel Adams, and Samuel Adams,<br><br>*Plaintiffs*,<br><br>v.<br><br>BitPay, a general partnership, Ran Kim, Huang Hao Lin, and John Doe 1,<br><br>*Defendants*. | Case No. 4:25-cv-00850<br><br>**First Amended Complaint** |

Plaintiffs Reid Parr, Bradley Long, Daniel Adams, Samuel Adams, and Dylan Bost (collectively, the "Plaintiffs") hereby sue BitPay, Ran Kim, Huang Hao Lin, and John Doe 1 (collectively, the "Defendants"). In support, they allege as follows.

## I. Preliminary Statement

1. Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering scams"—and are continuing to do so even as we speak.

2. Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and

- 1 -

building trust with the victims, using diabolical psychological techniques to lower their targets' defenses. They then convince the victim to "invest" using a realistic-looking online cryptocurrency-trading platform. The victims deposit money or connect their cryptocurrency wallets directly and, over time, profits appear to grow. But the scammers will then demand fees when victims try to withdraw their investments, or will abuse the connection to their victims' wallets to abscond with their invested assets.

3. Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. The FBI reports that Americans lost more than $5.8 billion to pig-butchering scams in 2024 alone.

4. This is an action by the victims of one such scam. The Defendants tricked Plaintiffs into investing using a platform that turned out to be a scam, and in so doing stole $490,527 of their savings. Plaintiffs have now been "slaughtered," in the scammers' parlance, and their money spirited away to foreign bank accounts and crypto wallets.

5. This action and coordination with law enforcement are Plaintiffs' only hopes for recovery. In this suit, they seek the return of the assets stolen from them and additional damages and equitable relief described below.

## II. Parties

6. Plaintiff Reid Parr is a Canadian citizen residing in New Westminster, British Columbia, Canada.

7. Plaintiff Bradley Long is a citizen of the United Kingdom residing in Mexico.

8. Plaintiff Daniel Adams is citizen and resident of the United Kingdom.

9. Plaintiff Samuel Adams is a citizen of the United Kingdom residing in New York, New York.

10. Plaintiff Dylan Bost is a United States citizen residing in Texas.

11. Defendant BitPay is a fraudulent cryptocurrency-investment platform operating as a general partnership. Its headquarters and situs of organization (if any) are presently unknown.

12. Defendant Ran Kim is South Korean citizen currently residing in Seoul, South Korea.

13. Defendant Huang Hao Lin is an individual of unkown citizenship currently residing in China.

14. Defendant John Doe 1 is an individual of Chinese citizenship whose current whereabouts are unkown.

## III. Jurisdiction & Venue

15. This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Accordingly, this Court has federal-question jurisdiction.

16. Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. The Defendants affirmatively marketed to, made their platform available to, and did business with Mr. Bost, one of the plaintiffs in this case, who is a resident of Texas and was located in Texas while the Defendants perpetrated the scam described herein. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3), which provides that a foreign defendant may be sued in any judicial district. In addition, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the suit occurrred herein. Mr. Bost, one of the plaintiffs in this case, is a resident of this district and was present here at relevant times throughout the scam described herein.

### IV. Allegations

18. The Defendants initiated contact with Plaintiffs at various times between May 2025 and June 2025 using WhatsApp and word-of-mouth from other investors to entice them to invest in the BitPay cryptocurrency staking

platform. BitPay purported to be an automated service whereby investors could link their TrustWallet cryptocurrency wallets to BitPay, using the funds in the wallets as "stakes" in various new cryptocurrencies. The mining rewards from staking would then be returned to investors as profits deposited directly into their TrustWallet crypto wallets. BitPay claimed to have no access to the funds in Plaintiffs' linked crypto wallets.

19. Between May 2025 and June 9, 2025, Defendants patiently gained access to Plaintiffs' crypto wallets, paying out thousands of dollars in fake profits to legitimize their platform and induce the investors to keep depositing funds into their crypto wallets which had been linked to the BitPay platform.

20. Then, on June 9, 2025, Defendants began programatically emptying Plaintiffs' wallets. Between 4:26 AM and 5:15 AM UTC, Defendants withdrew hundreds of thousands of dollars' worth of assets from Plaintiffs' crypto wallets in a series of unauthorized transfers to a cluster of intermediary receiving addresses, before transferring those funds onward to a cryptocurrency bridge service, where they "hopped" the assets from the Polygon blockchain to the Tron blockchain. Defendants then transferred the stolen assets to several cryptocurrency exchanges.

21. The BitPay platform was never an investment or staking platform of any sort. It was a simulacrum of a legitimate platform where no actual staking or investing ever occurred. The mining profits were real only

in the sense that they reflected the monies Defendants sent to Plaintiffs to legitimize their fraudulent platform and induce them to continue investing money through their compromised crypto wallets. The amount of funds transferred to Plaintiffs as illusory profits was dwarfed by the amount that was ultimately stolen in a coordinated mass cryptocurrency theft.

22. Plaintiffs are not the only victims of the BitPay scam. At least dozens of other individuals were victimized by Defendants in the same period of time, and millions of dollars stolen.

23. Plaintiffs filed this action to recover assets stolen from them. They sought a temporary restraining order freezing several Binance and OKX accounts that received portions of their stolen funds, which the Court granted on August 27, 2025. The Court subsequently extended this freeze and orally granted Plaintiffs' Motion for Preliminary Injunction on September 10, 2025, freezing these accounts through trial.

24. Once these account freezes were implemented, Defendants Ran Kim and Huang Hao Lin contacted Plaintiffs' investigator and identified themselves as the owners of two of the frozen accounts. A third individual, John Doe 1, contacted Plaintiffs' investigator claiming ownership of one of the frozen accounts, but refused to provide their identity. Each of these persons is a co-conspirator in the Bitpay scam. Each plays a role that is well established in pig-butchering scams, as the controlled of an account at an "off

ramp" exchange, through which the Bitpay syndicate laundered the stolen crypto assets for the ultimate benefit of the scam participants.

### V.     Causes of Action

25.    Plaintiffs bring the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

**Count One**
**Racketeering in Violation of 18 U.S.C. § 1964(c)**
**Against All Defendants**

26.    BitPay, Ran Kim, Huang Hao Lin, and John Doe 1 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "BitPay Enterprise."

27.    The BitPay Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described above. They did so using their online platform and digital communications with Plaintiffs and others. Plaintiffs relied on the Defendants' fraudulent statements to their detriment.

28.    The Defendants shared the common purpose of defrauding and stealing from Plaintiffs and other victims and thereby converting and exercising dominion over their assets.

29.    The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted,

participated in, engaged in, and operated and managed the affairs of the Pig Butchering Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

30.     All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Plaintiffs and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

31.     The BitPay Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. The BitPay Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Plaintiffs'. To the extent the BitPay Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

32. As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Plaintiffs were injured in their business and property within the meaning of 18 U.S.C. § 1964(c). The Defendants stole Plaintiffs' savings and thereby caused them to suffer deprivations and extreme mental and emotional distress. They are, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count II
### Conversion
### Against All Defendants

33. As more fully alleged above, the Defendants misappropriated Plaintiffs' assets.

34. The Defendants converted Plaintiffs' assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Plaintiffs' exclusion and detriment.

35. Plaintiffs have suffered damages as a direct and proximate result of Defendants' conversion.

### Count III
### Fraud
### Against All Defendants

36. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon,

and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

37. As alleged above, the Defendants made numerous false representations to Plaintiffs, including that theirs was a legitimate investment and staking platform through which Plaintiffs might make a return on their assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Plaintiffs to rely on their statements to their detriment, which Plaintiffs did.

### VI. Jury Demand

38. Plaintiffs demand a trial by jury on all claims so triable.

### VII. Relief Sought

39. Plaintiffs request that judgment be entered against each of the Defendants on each of the causes of action set out above. They seek relief as follows:

    a. Imposition of a constructive trust over their stolen assets and return of those assets to their possession;

    b. Monetary damages;

    c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

    d. Punitive damages;

    e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

    f. Pre- and post-judgment interest;

    g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

    h. Other relief as the Court deems just and proper.

Dated: September 15, 2025

Respectfully submitted,

THE HODA LAW FIRM, PLLC

_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*