UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Reid Parr, Dylan Bost, Bradley Long, Daniel Adams, and Samuel Adams,<br><br>*Plaintiffs*,<br><br>v.<br><br>BitPay, a general partnership, Ran Kim, Huang Hao Lin, and John Does 1 – 20,<br><br>*Defendants*. | Case No. 4:25-cv-00850 |

**Order Granting Plaintiffs' Motion for Alternate Service**

Before the Court is Plaintiffs' Motion for Alternate Service (Dkt. #10). For the reasons that follow, the Court finds that the Motion should be **GRANTED**.

Plaintiffs allege that the Defendants have concealed their physical locations and use blockchain technology and the internet to perpetrate "pig butchering" investment scams and argues that service on them by electronic means is therefore appropriate. Under Federal Rule of Civil Procedure 4(f)(3), a district court may authorize service on a party outside of the United States by "other means not prohibited in international agreement." Accordingly, service under Rule 4(f)(3) is appropriate when alternate service is (1) not prohibited by international agreement (2) directed by

the court, and (3) reasonably calculated to give the defendant actual notice of the proceedings. *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022).

Plaintiffs seek to serve four defendants by WhatsApp and email. Plaintiffs have provided a declaration that addresses for one of those Defendants, BitPay, is unknown despite diligent investigation. Plaintiffs allege that BitPay is the general partnership that perpetrated the scam and has internationally obfuscated its situs and location. Where a defendant's physical address is unknown, alternate service is not prohibited by the Hague Service Convention. *Mycoskie, LLC v. 1688best*, No. 18-CV-60925-KMM, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) ("Article 1 of the Hague Service Convention provides that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'"). Accordingly, Plaintiffs' request to serve BitPay by WhatsApp is not prohibited.

Plaintiffs seek to serve the remaining three service targets, Ran Kim, Huang Hao Lin, and John Doe 1, by email. Each of these persons reached out to Plaintiffs' counsel directly by email following the implementation of asset freezes in this case. Ran Kim identified himself as residing in South Korea, while Huang Hao Lin and John Doe 1 identified themselves as residing in China. The Hague Convention does not prohibit service by email in either South Korea or China. *See Choi v. Kim*, No. 24-CV-6526 (JGK), 2025 WL 1883664, at *1 (S.D.N.Y. July 7, 2025) (noting that

"service by email on an individual in South Korea is not prohibited by the Convention" and collecting cases); *Akerson Enters. LLC v. Shenzhen Conglin E-Com. Co.*, No. 24-CV-00506, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024) (noting that, "[r]egarding email service on a Chinese defendant specifically, the Fifth Circuit has found that it does not violate the Hague Convention and can be appropriate under Rule 4(f)(3)" and surveying relevant law (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018))). Accordingly, Plaintiffs' requests to serve Kim, Lin, and Doe via email do not run afoul of the Hague Convention.

Finally, the Court finds that service via the methods requested in Plaintiff's Motion comports with due process. Many courts have held that service directed to the same channels that defendants used in carrying out an alleged fraud is reasonably calculated to notify those defendants of the case. *See Harris v. Upwintrade*, 2025 WL 1485335, **2-3 (E.D. Tex. January 14, 2025). The channels through which Plaintiffs propose to serve the defendants here are either those that they used to perpetrate the alleged scam or through which they directly and voluntarily initiated contact with their counsel. Service by these methods is thus reasonably calculated to give the defendants notice of this proceeding and the opportunity to respond.

For the foregoing reasons, Plaintiffs' motion for leave to serve the Complaint and Summons by alternate means is **GRANTED**. Plaintiff shall serve the Summons, Complaint, and all future filings upon the defendants listed below electronically via the specified means and file proofs of service.

| Defendant | Method |
|---|---|
| BitPay | WhatsApp |
| John Doe 1 | Email to the address used to contact Plaintiffs' counsel |
| Huang Hao Lin | Email to the address used to contact Plaintiffs' counsel |
| Ran Kim | Email to the address used to contact Plaintiffs' counsel |

**IT IS SO ORDERED.**

**SIGNED this 18th day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

- 4 -