

UNITED STAES DISTRICT COURT

EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| Reid Parr, Dylan Bost, Bradley Long<br>Daniel Adams, and Samuel Adams<br>Plaintiffs<br><br>vs.<br><br>Bitpay, Ran Kim, et al<br><br>Defendant | § § § § § § § § § § § | Cause No. 4:25-cv-00850 |

### DEFENDANT RAN KIM'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Lan Kim, hereby answers to the First Amended Complaint

#### GENERAL DENIAL

1. Defendant Ran Kim, pursuant to Rule 12 of the Federal Rules of Civil Procedure, generally denies each and every allegation regarding Defendant Ran Kim contained in the First Amended Complaint, except that Ran Kim is an individual residing in South Korea.

#### SPECIFIC DENIAL

2. Defendant Ran Kim denies that she consisted enterprise "Bitpay". Defendant has never heard of Bitpay until she got email served. She exchanged foreign currency and deposit UD Dollars into "**Bitpie**" wallet to transfer them into her Bithumb account in South Korea for her personal use through her Binance account as an intermediate tool which Plaintiffs froze by the injunctive order from this court.

3. Defendant Ran Kim has never contacted Plaintiffs using WhatsApp as alleged in 18 of the First Amended Complaint. She has not and does not use that App.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendant Ran Kim bears any burden of proof as to any of them, Defendant Ran Kim alleges the following as new matter supporting its defense:

## AFFIRMATIVE DEFENSE I: LACK OF PERSONAL JURISDICTION

4. Defendant Ran Kim respectfully submits this affirmative defense asserting that this Court lacks personal jurisdiction over Defendant Ran Kim. Plaintiffs have failed to establish the requisite jurisdictional foundation under Federal Rule of Civil Procedure 12(b)(2) to proceed against a foreign defendant where no tortious conduct occurred within the United States.

5. Jurisdiction over foreign defendants is governed by Federal Rule of Civil Procedure 4(k)(2) (Dish Network L.L.C. v. Innetra PC, 2025 U.S. Dist. LEXIS 183934). Also the Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice (Clemens v. McNamee, 615 F.3d 374).

6. Defendant Ran Kim did not have any connection with United States. Therefore, unless Plaintiffs proves personal jurisdiction over Defendant Ran Kim by a preponderance of the evidence, this court should deny the personal jurisdiction over Defendant Ran Kim (Johnson v. South Carolina, 2025 U.S. Dist. LEXIS 195889).

## AFFIRMATIVE DEFENSE II: IMPROPER SERVICE OF PROCESS

7. Defendant Ran Kim respectfully submits this affirmative defense challenging the validity of service of process. The court's authorization of alternative email service against a

Korean resident without first attempting service through the Hague Convention constitutes improper service that violates both federal procedural requirements and international treaty obligations.

8. When serving defendants in foreign countries that are signatories to the Hague Convention, compliance with the Convention is mandatory (Baskett v. Autonomous Research LLP, 2018 U.S. Dist. LEXIS 169633, SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda., 427 F. Supp. 3d 497). The Hague Convention is specifically aimed at service of process made in foreign countries when those countries have agreed to be bound by treaty(USCS Fed Rules Civ Proc R 4).

9. South Korea is a signatory to the Hague Convention. To properly serve Defendant Ran Kim who is a resident in South Korea through the Hague Convention, service must be through the Central Authority in South Korea as set forth in the Hague Convention(Touchpoint Projection Innovations, LLC v. CDNetworks Co., 2024 U.S. Dist. LEXIS 157360). Plaintiffs did not even try to serve through the Central Authority in South Korea. Therefore, the alternative service through email is improper.

### AFFIRMATIVE DEFENSE III: NO CAUSE OF ACTION

10. To establish a viable cause of action of racketeering under 18 U.S.C. § 1964(c) as Plaintiffs alleged under Count I in the First Amended Complaint, Plaintiff must allege several essential elements. The Supreme Court in Sedima, S.P.R.L. v. Imrex Co. established that a RICO violation requires proof by a preponderance of the evidence of (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (Menzies v. Seyfarth Shaw LLP, 943 F.3d 328). Therefore, at least elements consisting (1) through (4) should be alleged to set up proper cause of action. However, except adding Defendant Ran Kim's name on the boiler-plated "consisting

enterprise", Plaintiffs did not allege any facts that how Defendant Ran Kim participated consisting enterprise, when or where. Plaintiffs failed to allege Defendant Ran Kim's breach of 18 U.S.C. § 1964(c).

11. Plaintiffs failed to allege conversion stated as Count II in the First Amended Complaint because they did not allege that they had legal ownership of the money, or Defendant Ran Kim converted their money how, when or where, with the intention to have control over their money.

12. Plaintiffs failed to allege fraud stated as Count III in the First Amended Complaint because they did not allege how Defendant Ran Kim participated in the fraud.

**THEREFORE**, Defendant Ran Kim prays that the First Amended Complaint and all of Plaintiff's claims against her that are or could be brought in the First Amended Complaint be dismissed with prejudice; that the court enter judgment in her favor; that the court release Defendant Ran Kim's Blockchain Address frozen on August 27, 2025; that it be awarded all of her costs incurred in this action; and for such other and further relief to which it may be entitled.

_____
Ran Kim

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendant Ran Kim's Answer to First Amended Complaint was served by e-mail on this 14th day of October, 2025, upon Marshall Hoda at marshal@thehodalawfirm.com, counsel for Plaintiffs.

김란

Ran Kim