# UNITED STAES DISTRICT COURT

EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

FILED
NOV 2 5 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | | |
|---|---|---|
| Reid Parr, Dylan Bost, Bradley Long<br>Daniel Adams, and Samuel Adams<br>Plaintiffs | § § § § | |
| vs. | § § § | Cause No. 4:25-cv-00850 |
| Bitpay, Ran Kim, et al | § § | |
| Defendant | § | |

## DEFENDANT RAN KIM'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant Ran Kim, hereby moves for dismissal based on the lack of jurisdiction; lack of personal jurisdiction; improper service; and no cause of action.

### Factual Background

Defendant Ran Kim was not in the original Complaint and added in the First Amended Complaint. Defendant Ran Kim is an individual residing in South Korea. This fact is agreed without any objection.

Petitioners alleged in the First Amended Complaint that Defendant Ran Kim approached them through WhatsApp and stole their money.

### Lack of Personal Jurisdiction

Jurisdiction over foreign defendants is governed by Federal Rule of Civil Procedure 4(k)(2) (Dish Network L.L.C. v. Innetra PC, 2025 U.S. Dist. LEXIS 183934). Also the Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits

and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice (Clemens v. McNamee, 615 F.3d 374).

Plaintiffs have to prove personal jurisdiction over a foreign defendant by a preponderance of the evidence (Johnson v. South Carolina, 2025 U.S. Dist. LEXIS 195889).

Petitioners alleged Defendant Ran Kim approached them through WhatsApp. Then they have to show this minimum contact with preponderant evidence because Defendant Ran Kim made proper affirmative defense. However, Petitioners have not submitted any evidence at all since Defendant Ran Kim's Answer on October 14, 2025.

Therefore, Petitioners failed to show the minimum contact and this Court does not have personal jurisdiction on Defendant Ran Kim.

**Lack of Proper Service**

When serving defendants in foreign countries that are signatories to the Hague Convention, compliance with the Convention is mandatory (Baskett v. Autonomous Research LLP, 2018 U.S. Dist. LEXIS 169633, SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda., 427 F. Supp. 3d 497). The Hague Convention is specifically aimed at service of process made in foreign countries when those countries have agreed to be bound by treaty(USCS Fed Rules Civ Proc R 4).

Defendant Ran Kim is a resident of South Korea and South Korea is a signatory to the Hague Convention. To properly serve Defendant Ran Kim, service must be through the Central Authority in South Korea as set forth in the Hague Convention(Touchpoint Projection Innovations, LLC v. CDNetworks Co., 2024 U.S. Dist. LEXIS 157360).

Petitioners did not even tried to serve according to the Hague Convention, the service she got on September 18, 2025 was improper.

**Lack of Cause of Action**

Petitioners alleged that Defendant Ran Kim contacted Plaintiffs using WhatsApp and an made them invest Bitpay and linked their TrustWallet to Bitpay. None of the Petitioners alleged what kind of TrustWallet they had, how much they deposited and how much Bitpay withdrew from their account. This means they did not allege their damage. Each Petitioner lives in different countries and they are not related persons. They have to show how each of them had TrustWallet, which they did not. Their legal counselor used only "Petitioners" from all over the world to use in a boiler-plated fishing lawsuit. They used typical Jone Doe 1-10 used in a fishing lawsuit and poor Defendant Ran Kim became a victim.

Also, Petitioners did not allege what Defendant Ran Kim did. Therefore, even if their allegation is true, this court cannot find how Defendant Ran Kim violated RICO and she caused Petitioners' damage or even how much they lost.

**Conclusion**

Plaintiffs failed to show minimum contact and this Court does not have personal jurisdiction on Defendant Ran Kim.

Defendant Ran Kim therefore moves:

that the claims in the First Amended Complaint against Defendant Ran Kim be dismissed with prejudice; and

that the court release Defendant Ran Kim's Binance account (Blockchain Address: TYoBp6UwPbnHKDYir5FV8hPeKzKiUsdStg) frozen on August 27, 2025 according to this Court's Temporary Restraining Order on August 27, 2025 and remain frozen by this Court's Preliminary Injunctive Order on September 17, 2025 and subsequent Memorandum Opinion and Order on September 23, 2025.

Respectfully submitted by:

김 란
―――――――――
Defendant Ran Kim

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Request for Production to Defendant BNSF Railway Company was served by e-service and e-mail on this __25__ th day of November, 2025, upon Marshall Hoda at marshal@thehodalawfirm.com, counsel for Plaintiffs.

_김 란_

Ran Kim