# UNITED STAES DISTRICT COURT

EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| Reid Parr, Dylan Bost, Bradley Long<br>Daniel Adams, and Samuel Adams<br>　　Plaintiffs<br><br>vs.<br><br>Bitpay, Ran Kim, et al<br><br>　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 4:25-cv-00850 |

## DEFENDANT RAN KIM'S MEMORANDUM OF LAW

Defendant Ran Kim files this Memorandum of Law against the Plaintiffs' Opposition to Defendant Ran Kim's Motion to Dismiss.

### I.  Rebuttal to Plaintiffs' argue that the motion is procedurally improper

Plaintiffs' argue that Defendant Ran Kim's Motion to Dismiss is procedurally improper is not legally correct because Defendant Ran Kim did not file Motion to Dismiss before filing Answer and filed Motion to Dismiss more than one month after Answer but this is not proper.

Defendant Ran Kim may make a motion to dismiss for lack of personal jurisdiction because Defendant Ran Kim did assert it as an affirmative defense in her answer. Under USCS Fed Rules Civ Proc R 12, a motion to dismiss for lack of personal jurisdiction can be filed if the defense is included in the first responsive pleading or raised in a pretrial motion. Defendant Ran Kim's first pleading was her Answer and she asserted lack of personal jurisdiction as affirmative defense. Therefore, Plaintiffs' argue is not correct and Defendant Ran Kim's Motion to Dismiss was not waived. Courts have recognized that asserting lack of personal jurisdiction as an affirmative defense in the answer preserves the defense and defendants may later file a motion to dismiss.

(Am. Int'l Ins. Co. v. Robert Seuffer GMBH & Co., 468 Mass. 109, Urena v. NYNEX, Inc., 223 A.D.2d 442)

Defendant Ran Kim allowed Plaintiffs more than one month for them to provide evidence to show the minimum contact. However, Plaintiffs failed to provide any evidence at all even though Defendant Ran Kim allowed enough time. Therefore, Defendant Ran Kim's Motion to Dismiss is procedurally proper.

## II. Lack of Personal Jurisdiction

**1. Racketeer Influenced and Corrupt Organizations Act 1965(b)**

Plaintiffs argue that this Court has "loop-in" jurisdiction under the Racketeer Influenced and Corrupt Organizations Act (RICO) 1965(b). However, this is not true.

The personal jurisdiction requirements under the RICO are governed by 18 USCS § 1965. Section 1965(a) provides that a civil RICO action may be brought in any district where the defendant resides, is found, has an agent, or transacts their affairs. This provision requires a traditional minimum contacts analysis to determine whether the defendant has sufficient ties to the forum state to establish personal jurisdiction. (ESPOT, Inc. v. MyVue Media, LLC, 492 F. Supp. 3d 672, § 1.76 Determining Venue in RICO Actions)

According to 18 USCS § 1965(b), if at least one defendant meets the requirements of § 1965(a), § 1965(b) allows for nationwide service of process and personal jurisdiction over additional defendants if it is demonstrated that the "ends of justice" require it. This provision enables courts to bring in other parties who may not otherwise be subject to personal jurisdiction in the forum state, provided the statutory and constitutional requirements are satisfied. (ESPOT, Inc. v. MyVue Media, LLC, 492 F. Supp. 3d 672, § 6.02 STATUTORY FRAMEWORK).

Additionally, courts have clarified that the exercise of personal jurisdiction under RICO must comply with the Due Process Clause. This requires that the defendant purposefully availed themselves of the forum state by establishing minimum contacts, and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. (Hawkins v. Upjohn Co., 890 F. Supp. 601, In re NORPLANT CONTRACEPTIVE PRODS. LIAB. LITIG. v. WYETH-AYERST LABS., 915 F. Supp. 845, Ozuna v. American Home Prods. Corp. (In re Norplant Contraceptive Prods. Liab. Litig.), 886 F. Supp. 586).  For non-resident defendants, RICO's nationwide service of process provision under § 1965(b) and (d) can be invoked, provided the statutory requirements are met and the defendant has minimum contacts with the United States as a whole. (§ 6.02 STATUTORY FRAMEWORK, Hawkins v. Upjohn Co., 890 F. Supp. 601)

Courts repeatedly ruled even under RICO 1965, the minimum contact requirement as a whole should be met. However, Plaintiffs did not show Defendant Ran Kim's minimum contact with any evidence, did not show up Defendant Bitpay's minimum contact with evidence, nor show Defendant Ran Kim's connection with Defendant Bipay with evidence. All Plaintiffs showed was mere allegation that they made enterprise and contacted Plaintiffs through WattsApp. Plaintiffs must show this with **EVICENCE** to set up personal jurisdiction against Defendant Ran Kim who is a layperson lives in South Korea with no knowledge of or connection to U.S. legal system. To snatch and drag a foreign layperson to this far court, Plaintiffs must show more than mere allegation as per Due Process requirement.

2. Fuld Case Law

Plaintiffs used recent 2025 Fuld case to set up this Court's personal jurisdiction over Defendant Ran Kim but Plaintiffs misunderstood the end of justice ruled by the Fuld case.

Under Fuld v. Palestine Liberation Org. (606 U.S. 1, 18(2025)), the Supreme Court of U.S. held "-[1]-Because the State and Federal Governments occupy categorically different sovereign spheres, the Supreme Court declined to import the Fourteenth Amendment minimum contacts standard into the Fifth Amendment. Rather, the Due Process Clause of the Fifth Amendment necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority; -[2]-The Promoting Security and Justice for Victims of Terrorism Act's, 18 U.S.C.S. §§ 2333, 2334, provision for personal jurisdiction comports with the Due Process Clause of the Fifth Amendment because the Act reasonably ties the assertion of federal jurisdiction over the Palestine Liberation Organization and the Palestinian Authority to conduct that involves the United States and implicates sensitive foreign policy matters within the prerogative of the political branches." The Supreme Court applied Fifth Amendment for personal jurisdiction instead of Thirteenth Amendment but this does not mean Supreme Court abolished jurisdictional limits. The reason Supreme Court applied Fifth Amendment instead of Thirteen's Amendment was to solve personal jurisdiction federally instead of state level. Supreme Court did use minimum contact rule in this case and did not automatically grant personal jurisdiction over Defendant Beneathco through Fifth Amendment. Fifth Amendment calls Due Process and according to Due Process, a foreigner cannot be snatched and dragged to U.S. Courts without showing proper evidence to force a non-U.S. resident to show up strange U.S. Courts. This definitely means a mere allegation cannot be a base to hook and drag a foreigner like Defendant Ran Kim to this Court. Plaintiffs alleged that "Plaintiffs alle that Kim is an integral member of the same Enterprise" at 11th line on Page 11 in the Plaintiffs' Opposition to Defendant Ran Kim's

Motion to Dismiss Defendant Ran Kim. However, this is not enough to set up personal jurisdiction over Defendant Ran Kim according to Due Process ruled by Fuld case. Plaintiffs failed to show that Defendant Ran Kim has minimum contact with any U.S. States. Plaintiffs also failed to show that Defendant Bitpay has minimum contact with U.S. **AND** Defendant Ran Kim had contact with Bitpay with support of **EVIDENCE**.

Therefore, this Court does not have a personal jurisdiction over Defendant Ran Kim and Plaintiffs' petition against Defendant Ran Kim should be dismissed according to Federal Rule of Civil Procedure 12(b)(2).

### III.   Lack of Cause of Action

Plaintiffs should have alleged proper cause of action for this court to review. Therefore, Plaintiffs should have alleged at least which Plaintiff got what damage. However, the First Amended Petition cannot find which Plaintiff had how much amount at what account and transferred it to what account and got what damage. Especially, Texan Plaintiff Dylan Bost did not allege anything but he got damage -without alleging what he originally had- with other Plaintiffs by Defendants' breach of RICO Act. Other Plaintiffs also did not allege anything about what each of them owned originally before Defendants' act.

Therefore, even if Plaintiffs' allegation is true, this court still does not know what each Plaintiff lost because of Defendants' alleged racketeering.

In conclusion, this petition does not have any merit to proceed due to lack of cause of action and should be dismissed according to Texas Rule of Civil Procedure 91(a).

    Respectfully submitted,

                              YOONJUNG CHO LAW OFFICE

2600 MacArthur Blvd. Ste 701
Lewisville, Texas 75067
Tel: (484) 800-2106


By: */S/ Yoonjung Cho*
Yoonjung Sul Cho
State Bar No. 24123033
yjcholaw@gmail.com
Attorney for Defendant Ran Kim

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Memorandum of Law was served by e-mail on this **22nd day of December, 2025,** upon Marshall Hoda at marshal@thehodalawfirm.com, counsel for Plaintiffs.

                                    */s/ Yoonjung Cho*
                                    Yoonjung Sul Cho, Attorney for Ran Kim