# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Reid Parr, Dylan Bost, Bradley Long, Daniel Adams, and Samuel Adams, | |
| *Plaintiffs*, | Case No. 4:25-cv-00850 |
| v. | **Joint Report of 26(f) Conference** |
| BitPay, a general partnership, Ran Kim, Huang Hao Lin, and John Does 1 – 20, | |
| *Defendants*. | |

Plaintiffs Reid Parr, Bradley Long, Daniel Adams, Samuel Adams, and Dylan Bost, and Defendant Ran Kim (collectively, the "Parties"), by and through counsel, submit this Joint Report of Attorney Conference pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Governing Proceedings.

## I.    Brief Factual and Legal Synopsis

This action arises from an alleged cryptocurrency fraud commonly referred to as a "pig-butchering" scam. Plaintiffs allege that Defendants operated a fraudulent cryptocurrency platform known as "BitPay," which was

represented to Plaintiffs as a legitimate cryptocurrency staking and investment service. Plaintiffs allege that, relying on Defendants' representations, they linked their cryptocurrency wallets to the platform and deposited funds.

Plaintiffs further allege that Defendants paid purported profits to legitimize the platform and induce additional investment, and that on or about June 9, 2025, Defendants initiated a coordinated series of unauthorized transfers that drained Plaintiffs' cryptocurrency wallets. Plaintiffs allege that the assets were transferred through intermediary wallets, bridged across blockchains, and ultimately laundered through cryptocurrency exchanges.

Plaintiffs assert claims for violations of the Racketeer Influenced and Corrupt Organizations Act, conversion, and fraud, and seek monetary, equitable, and injunctive relief. Defendants deny liability.

## II.    Jurisdictional Basis

Plaintiffs allege that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. Plaintiffs also invoke the Court's supplemental jurisdiction over related state-law claims.

Plaintiffs allege that Defendants are subject to personal jurisdiction in this District based on their alleged conduct directed toward the United States and Texas. Venue is alleged to be proper under 28 U.S.C. § 1391.

### III.    Parties

Plaintiffs:

- Reid Parr

- Bradley Long

- Daniel Adams

- Samuel Adams

- Dylan Bost

Defendants:

- BitPay (alleged general partnership)

- Ran Kim

- Huang Hao Lin

- John Doe 1

At this time, Plaintiffs anticipate the need to add additional parties once the subpoena production from OKX and Binance are received.

### IV.    Related Cases

The Parties are not aware of any related cases pending in any state or federal court.

### V.    Initial Mandatory Disclosures

Plaintiffs and Ran Kim have completed their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Order.

## VI.    Proposed Scheduling Order Deadlines

The Parties jointly propose adoption of the standard scheduling order deadlines set forth in Appendix 1 to the Court's Order Governing Proceedings, without deviation.

The Parties note that discovery will include third-party subpoena production from cryptocurrency exchanges, including Binance and OKX. Subpoenas have been issued or are forthcoming, and production has not yet been received.

## VII.   Discovery Plan (Rule 26(f))

### A.    Subjects and Timing of Discovery

Discovery is expected to address, among other topics, the alleged operation of the BitPay platform, communications with Plaintiffs, cryptocurrency wallet activity, asset transfers, and damages. Discovery will not be conducted in phases.

### B.    Electronically Stored Information

Discovery will involve electronically stored information, including electronic communications, transactional records, and records maintained by third-party cryptocurrency exchanges. The Parties anticipate production in reasonably usable electronic formats. No ESI-related disputes have been identified at this time.

### C.    Privilege and Protection of Information

Plaintiffs anticipate seeking entry of a protective order governing the exchange of confidential and sensitive information. The Parties do not presently anticipate seeking a Federal Rule of Evidence 502(d) order.

### D.    Discovery Limitations

The Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

### E.    Other Orders

The Parties do not request entry of any additional orders pursuant to Rules 26(c) or 16(b) or (c) at this time.

### F.    Settlement and Mediation

Settlement discussions have occurred, but neither party has made a settlement demand or offer. At this time, the Parties do not believe mediation would be productive.

### G.    Depositions

The Parties anticipate depositions of:

- Plaintiffs

- Individual Defendants

- Custodians or representatives of relevant cryptocurrency exchanges, including Binance and OKX

- Investigators and blockchain-tracing experts

- Other third parties as discovery may reveal.

### H.    Trial Information

Plaintiffs have demanded a jury trial. The Parties estimate that trial will require approximately three (3) days.

### I.    Management Conference Attendance

For Plaintiffs, Marshal J. Hoda will appear at the Rule 16 management conference with full authority to bind Plaintiffs. Yoonjung Cho will appear for Ran Kim.

### J.    Consent to Magistrate Judge

The Parties do not jointly consent to magistrate judge jurisdiction.

### K.    Other Matters

The Parties have no additional matters to raise at this time.

Dated:  January 16, 2026

Respectfully submitted,

THE HODA LAW FIRM, PLLC

Marshal J. Hoda, Esq.
Tx. Bar No. 24110009 (PHV)
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiffs*

YOONJUNG CHO LAW OFFICE
2600 MacArthur Blvd. Ste 701
Lewisville, Texas 75067
Tel: (484) 800-2106

By:
Yoonjung Sul Cho
State Bar No. 24123033
yjcholaw@gmail.com
Attorney for Defendant Ran Kim