# UNITED STAES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| Reid Parr, Dylan Bost, Bradley Long Daniel Adams, and Samuel Adams §§§§§§§§§§ Plaintiffs | | |
| vs. | § | Cause No. 4:25-cv-00850 |
| Bitpay, Ran Kim, et al | | |
| Defendant | | |

## DEFENDANT RAN KIM'S CORRECTED MOTION TO DISMISS

Defendant Ran Kim Submitted a Motion to Dismiss on November 25, 2025 without writing her address. The attorney of Defendant Ran Kim submitted Entry of Appearance on December 12, 2025. The Attorney found this omission today and promptly submitting this Correction of Omission and file the Motion to Dismiss again.

**Factual Background**

Defendant Ran Kim was not in the original Complaint and added in the First Amended Complaint. Defendant Ran Kim is an individual residing in South Korea. This fact is agreed without objection. Defendant Ran Kim made general denial except the fact that Ran Kim was Korean resident in her Answer. Defendant Ran Kim also made affirmative defenses of: 1. Lack of Personal Jurisdiction; 2. Improper Service of Process; 3. Lack of Cause of Action in her Answer to the First Amended Complaint but Plaintiffs have never answered to those affirmative defenses. Defendant Ran Kim filed Motion to Dismiss on November 25, 2025 and retained the law office for her legal counsel and this Office found omission of her address today.

**REINSTATEENT OF MOTION TO DISMISS**

Defendant Ran Kim reinstates the Motion to Dismiss.

## Lack of jurisdiction

Jurisdiction over foreign defendants is governed by Federal Rule of Civil Procedure 4(k)(2) (Dish Network L.L.C. v. Innetra PC, 2025 U.S. Dist. LEXIS 183934). Also the Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice (Clemens v. McNamee, 615 F.3d 374).

The personal jurisdiction requirements under the RICO are governed by 18 USCS § 1965. Section 1965(a) provides that a civil RICO action may be brought in any district where the defendant resides, is found, has an agent, or transacts their affairs. This provision requires a traditional minimum contacts analysis to determine whether the defendant has sufficient ties to the forum state to establish personal jurisdiction. (ESPOT, Inc. v. MyVue Media, LLC, 492 F. Supp. 3d 672, § 1.76 Determining Venue in RICO Actions)

According to 18 USCS § 1965(b), if at least one defendant meets the requirements of § 1965(a), § 1965(b) allows for nationwide service of process and personal jurisdiction over additional defendants if it is demonstrated that the "ends of justice" require it. This provision enables courts to bring in other parties who may not otherwise be subject to personal jurisdiction in the forum state, provided the statutory and constitutional requirements are satisfied. (ESPOT, Inc. v. MyVue Media, LLC, 492 F. Supp. 3d 672, § 6.02 STATUTORY FRAMEWORK). Additionally, courts have clarified that the exercise of personal jurisdiction under RICO must

comply with the Due Process Clause. This requires that the defendant purposefully availed themselves of the forum state by establishing minimum contacts, and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. (Hawkins v. Upjohn Co., 890 F. Supp. 601, In re NORPLANT CONTRACEPTIVE PRODS. LIAB. LITIG. v. WYETH-AYERST LABS., 915 F. Supp. 845, Ozuna v. American Home Prods. Corp. (In re Norplant Contraceptive Prods. Liab. Litig.), 886 F. Supp. 586).  For non-resident defendants, RICO's nationwide service of process provision under § 1965(b) and (d) can be invoked, provided the statutory requirements are met and the defendant has minimum contacts with the United States as a whole. (§ 6.02 STATUTORY FRAMEWORK, Hawkins v. Upjohn Co., 890 F. Supp. 601)

Courts repeatedly ruled even under RICO 1965, the minimum contact requirement as a whole should be met. However, Plaintiffs did not show Defendant Ran Kim's minimum contact with any evidence, did not show up Defendant Bitpay's minimum contact with evidence, nor show Defendant Ran Kim's connection with Defendant Bipay with evidence. All Plaintiffs showed was mere allegation that they made enterprise and contacted Plaintiffs through WattsApp. Plaintiffs must show this with **EVICENCE** to set up personal jurisdiction against Defendant Ran Kim who is a layperson lives in South Korea with no knowledge of or connection to U.S. legal system. To snatch and drag a foreign layperson to this far court, Plaintiffs must show more than mere allegation as per Due Process requirement.

      However, Petitioners failed to show Defendant Ran Kim's minimum contact, and therefore, this Court does not have personal jurisdiction on Defendant Ran Kim and this case should be dismissed.

**Lack of Proper Service**

When serving defendants in foreign countries that are signatories to the Hague Convention, compliance with the Convention is mandatory (Baskett v. Autonomous Research LLP, 2018 U.S. Dist. LEXIS 169633, SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda., 427 F. Supp. 3d 497). The Hague Convention is specifically aimed at service of process made in foreign countries when those countries have agreed to be bound by treaty(USCS Fed Rules Civ Proc R 4).

Defendant Ran Kim is a resident of South Korea and South Korea is a signatory to the Hague Convention. To properly serve Defendant Ran Kim, service must be through the Central Authority in South Korea as set forth in the Hague Convention(Touchpoint Projection Innovations, LLC v. CDNetworks Co., 2024 U.S. Dist. LEXIS 157360). Plaintiffs did not even try to serve through the Central Authority in South Korea. Therefore, the alternative service through email is improper.

**Lack of Cause of Action**

Plaintiffs should have alleged proper cause of action for this court to review. Therefore, Plaintiffs should have alleged at least which Plaintiff got what damage. However, the First Amended Petition cannot find which Plaintiff had how much amount at what account and transferred it to what account and got what damage. Especially, Texan Plaintiff Dylan Bost did not allege anything but he got damage -without alleging what he originally had- with other Plaintiffs by Defendants' breach of RICO Act. Other Plaintiffs also did not allege anything about what each of them owned originally before Defendants' act.

Therefore, even if Plaintiffs' allegation is true, this court still does not know what each Plaintiff lost because of Defendants' alleged racketeering.

**Pleading**

This law office begs and pleads the court's generous accept of the correction of the omission. If the court strike the Motion, this office should file the Motion again and this makes the process delayed a lot.

Defendant Ran Kim therefore, moves:

that the claims in the First Amended Complaint against Defendant Ran Kim be dismissed with prejudice; and

that the court release Defendant Ran Kim's Binance account (Blockchain Address: TYoBp6UwPbnHKDYir5FV8hPeKzKiUsdStg) frozen on August 27, 2025 according to this Court's Temporary Restraining Order on August 27, 2025 and remain frozen by this Court's Preliminary Injunctive Order on September 17, 2025 and subsequent Memorandum Opinion and Order on September 23, 2025.

Respectfully submitted,

YOONJUNG CHO LAW OFFICE
2600 MacArthur Blvd. Ste 701
Lewisville, Texas 75067
Tel: (484) 800-2106

By: */S/ Yoonjung Cho*
Yoonjung Sul Cho
State Bar No. 24123033
yjcholaw@gmail.com
Attorney for Defendant Ran Kim

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Defendant Ran Kim's Status Inquiry was served by e-serve and e-mail on this 4th day of February, 2026, upon Marshall Hoda at marshal@thehodalawfirm.com. Counsel for Plaintiffs.

                                        */s/ Yoonjung Cho*
                                        Yoonjung Sul Cho, Attorney for Ran Kim